UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KAVIN W. MCCOY, | ) | Civil No. 11-0653-MMA(WVG) |
| | ) | |
| Petitioner, | ) | REPORT AND RECOMMENDATION: |
| | ) | |
| v. | ) | GRANTING RESPONDENT'S MOTION |
| | ) | TO DISMISS (DOC. # 18) |
| ANTHONY HEDGPETH, | ) | |
| | ) | DENYING PETITIONER'S MOTION TO |
| Respondent. | ) | STAY AND ABEY (DOC. # 17) |
| | ) | |

Kavin W. McCoy ("Petitioner"), a state prisoner proceeding *pro se*, has filed a Petition For Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 ("Petition"). Respondent Anthony Hedgpeth ("Respondent") has filed a Motion to Dismiss the Petition. Petitioner has filed a document entitled "Response (sic) to Argument From Atty General Motion to Dismiss With Prejudice," which the Court construes as an Opposition to the Motion to Dismiss. Petitioner also filed a Motion to Stay and Abey his Petition. Respondent filed an Opposition to the Motion to Stay and Abey.

The Court, having reviewed Petitioner's Petition, Respondent's Motion to Dismiss, Plaintiff's Opposition thereto, Petitioner's Motion to Stay Abey and Respondent's Opposition thereto,

and the lodgments presented therewith, finds that Petitioner is not entitled to the relief requested, that Petitioner's Petition is barred by the statute of limitations and is not entitled to stay and abeyance. Therefore, the Court RECOMMENDS that Respondent's Motion to Dismiss be GRANTED and Petitioner's Motion to Stay and Abey be DENIED.

I

PROCEDURAL HISTORY

On June 15, 2007, Petitioner was found guilty by a jury of two counts of robbery in violation of California Penal Code §§ 211 and 213[1], residential burglary in violation of §§ 459, 460 and 667.5(c)(21), and assault with a semi-automatic firearm in violation of § 12022.5(a). (Respondent's Lodgment No. 1 at 2-3).

Petitioner appealed his convictions and sentence. On June 10, 2009, the California Supreme Court denied Petitioner's Petition for Review of the Court of Appeal's denial of his appeal. (Respondent's Lodgment No. 6).

On December 30, 2009, Petitioner constructively[2] filed a Petition For Writ Of Habeas Corpus in the San Diego Superior Court. (Respondent's Lodgment No. 7). On March 24, 2010, the Superior Court denied the Petition. (Respondent's Lodgment No. 8).

On April 4, 2010, Petitioner filed a Petition For Writ Of Habeas Corpus in the California Court of Appeal. (Respondent's

---

[1] All further references to statutes are to the California Penal Code, unless otherwise indicated.

[2] The Court gives Petitioner the benefit of the "mailbox rule" which deems that a petition is constructively filed when it is delivered to prison officials for filing. Houston v. Lack, 487 U.S. 266(1988).

1  Lodgment No. 9). On April 27, 2010, the Court of Appeal denied the
2  Petition. (Respondent's Lodgment No. 10).
3  　　　On September 15, 2010, Petitioner filed a second Petition for
4  Writ of Habeas Corpus in the California Court of Appeal. (Respon-
5  dent's Lodgment No. 11). On October 7, 2010, the Petition was
6  denied. (Respondent's Lodgment No. 12).
7  　　　Petitioner did not file a Petition for Review of the Court of
8  Appeal's denials of his Petitions for Writ of Habeas Corpus.
9  　　　On March 27, 2011, Petitioner filed the Petition for Writ of
10 Habeas Corpus that is now before this Court. The Petition contains
11 three claims: (1) the prosecutor committed misconduct by presenting
12 knowingly false testimony, (2) ineffective assistance of trial
13 counsel for failing to properly prepare for trial and adequately
14 investigate the facts of the case, and (3) ineffective assistance of
15 appellate counsel for his refusal to present evidence that Peti-
16 tioner was innocent of the charges. The Court's review of the record
17 presented indicates that none of these claims have been presented to
18 the California Supreme Court.[3]

---

[3] On page 4 of the Petition, Petitioner indicated that he filed a Petition for Writ of Habeas Corpus in the California Supreme Court. However, the case information that he provided reflects that he actually referred to the Petition for Writ of Habeas Corpus filed in the San Diego Superior Court. Nevertheless, Petitioner stated that he presented his claims of ineffective assistance of counsel to the California Supreme Court and resolution of those claims are pending. (Response (sic) To Possible Dismissal For Failure To Exhaust State Court Remedies, filed May 13, 2011). However, Petitioner did not provide to the Court any document he claims to have filed in the California Supreme Court. Even if Petitioner did in fact file a document in the California Supreme Court regarding his claims of ineffective assistance of counsel, he does not state that he presented his claim of prosecutorial misconduct to the California Supreme Court.

II

PETITIONER'S PETITION IS BARRED

BY THE STATUTE OF LIMITATIONS

1. The AEDPA's One-Year Statute of Limitations

Respondent argues that the Petition is barred by the Antiterrorism and Effective Death Penalty Act's ("the AEDPA") statute of limitations. The provisions of the AEDPA apply to petitions for writs of habeas corpus filed in federal court after the AEDPA's effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 117 S. Ct. 2059, 2068 (1997). Therefore, because the Petition was filed on March 27, 2011, the AEDPA applies to this case.

Prior to the enactment of the AEDPA on April 24, 1996, "state prisoners had almost unfettered discretion in deciding when to file a federal habeas petition." Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), cert. denied, 118 U.S. 897 (1998), *overruled on other grounds by* Calderon v. United States Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998). "[D]elays of more than a decade did not necessarily bar a prisoner from seeking relief." Id.

With enactment of the AEDPA, a state prisoner's time frame for seeking federal habeas relief was dramatically limited. The AEDPA amended 28 U.S.C. § 2244 by, in part, adding subdivision (d), which provides for a one-year limitation period for state prisoners to file habeas corpus petitions in federal court. Section 2244(d) states, in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final at the end of the time he could have sought review by the United States Supreme Court of the California Supreme Court's denial of his Petition for Review. The California Supreme Court denied the Petition for Review on June 10, 2009. Petitioner had 90 days to seek review in the United States Supreme Court. <u>Wixom v. Washington</u>, 264 f.3d 894, 897 (9th Cir. 2000); <u>Bowen v. Roe</u>, 188 F.3d 1157, 1159 (9th Cir. 1999). Therefore, Petitioner's conviction was final on September 8, 2009, 90 days after June 10, 2009.

Therefore, absent tolling, Petitioner had one year or until September 8, 2010, to file his Petition For Writ of Habeas Corpus in this Court. However, as explained in detail below, Petitioner waited

over one year to file the Petition that is now before the Court, thus making it untimely and barred by the statute of limitations.

Petitioner filed several petitions for post-conviction relief in the California Superior and Appellate Courts. The statute of limitations is tolled while a "properly filed" state habeas corpus petition is "pending" in the state court. Under the holding of Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects petitioner's final collateral challenge," provided the petitions were properly filed and pending during that entire time. The statute of limitations is *not* *tolled* from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case "pending" during that interval. Nino, 183 F.3d at 1006

The meaning of the terms "properly filed" and "pending" in Nino have been clarified by the United States Supreme Court. In Carey v. Saffold, 536 U.S. 214 (2002), the Court held that the time between denial in a lower California court and the filing of a subsequent petition in the next higher court does not toll the statute of limitations, if the petition is ultimately found to be untimely. Id. at 223-226. In Pace v. DiGuglielmo, 544 U.S. 408 (2005), the Court held that statutory tolling is not available for the period a petition is under consideration, if it is dismissed as untimely. Id. at 413.

In Evans v. Chavis, 546 U.S. 189 (2006), the Court held that in the absence of a clear indication by the California Supreme Court that a petition is untimely, "the federal court must itself examine

1   the delay in each case and determine what the state courts would
2   have held in respect to timeliness." Id. at 197. The Evans Court
3   gave some guidance in making that determination: federal courts must
4   assume (until the California courts state otherwise) that California
5   law regarding timeliness does not differ significantly from other
6   states which use thirty or sixty day rules for untimeliness and, a
7   six month unexplained delay is presumptively unreasonable.
8         Statutory tolling is unavailable for the interval between
9   successive filings in the same court. Dils v. Small, 260 F.3d 984,
10  986 (9th Cir. 2001); Camacho v. Hernandez, 2009 WL 192483 at *4 (S.D.
11  Cal. 2009).
12        The Ninth Circuit applies a two part test to determine
13  whether the period between the denial of one petition and the filing
14  of a second petition in the same court should be tolled. Banjo v.
15  Ayers, 614 F.3d 964, 968 (9th Cir. 2010), citing Hamerle v. Schriro,
16  495 F.3d 1069, 1075 (9th Cir. 2007). First, the court must ask
17  whether the petitioner's subsequent petitions are limited to an
18  elaboration of the facts relating to the claims in the first
19  petition. King v. Roe, 340 F. 3d 821, 823 (9th Cir. 2003). If the
20  petitions are not related, the subsequent petition constitutes a new
21  round of collateral attack, and the time between them is not tolled.
22  Banjo, supra, at 969, citing Hemerle, supra, at 1075. If the
23  successive petition was attempting to correct deficiencies of a
24  prior petition, then the petitioner is still making "proper use of
25  state court procedures" and habeas review is still pending. Banjo,
26  supra, at 969, citing King, supra, at 823.
27        Petitioner's first petition for relief after his convictions
28  and sentence became final was filed on December 30, 2009 in the San

Diego Superior Court. On March 24, 2010, the Superior Court denied the Petition. From September 8, 2009 (the date Petitioner's convictions and sentence became final) to December 30, 2009, (the date Petitioner filed a Petition for Writ of Habeas Corpus in the San Diego Superior Court) (**113 days, or 3 months, 22 days)**, the statute of limitations was **not tolled** because there was no case pending during that interval. Nino, 183 F.3d at 1006.

On April 4, 2010, Petitioner filed a Petition for Writ of Habeas Corpus in the California Court of Appeal. On April 27, 2010, the Court of Appeal denied the Petition.

On September 15, 2010, Petitioner filed a second Petition for Writ of Habeas Corpus in the California Court of Appeal. On October 27, 2010, the Court of Appeal denied the second Petition.

The Court determines that from April 27, 2010 (the date of the denial of Petitioner's first Petition for Writ of Habeas Corpus in the California Court of Appeal) to March 27, 2011, (the date Petitioner filed his Petition for Writ of Habeas Corpus in this Court), the statute of limitations was not tolled because Petitioner's second Petition for Writ of Habeas Corpus in the California Court of Appeal was not limited to an elaboration of the facts relating to the claims in his first Petition in the California Court of Appeal. Instead, in the second Petition to the Court of Appeal, Petitioner repeated one of the claims presented in his first Petition and added two new claims. Therefore, the second Petition is unrelated to the first Petition and is successive and not entitled to the tolling of the statute of limitations. From April 27, 2010 to March 27, 2011, **334 days, (or 11 months)** elapsed. Banjo, 614 F.3d at 969; King, 340 F.3d at 823.

1         Adding together the two periods of time when the statute of limitations was **not tolled**: **113 days (3 months, 22 days) + 334 days (11 months)**, results in a total of **one year, two months and 22 days**, which is beyond the one year statute of limitations mandated by 28 U.S.C. § 2244(d)(1)(A). Accordingly, Petitioner failed to file his Petition for Writ of Habeas Corpus in a timely fashion and it is therefore barred.

   2.   <u>Petitioner is Not Entitled to Equitable Tolling of the Statute of Limitations</u>

   Petitioner states "I, Petitioner, know that ignorance to the law is no excuse but I filed my habeas corpus in Superior Court twice: believing that every court building had a Superior and Supreme branch. I ask the Court to excuse my ignorance..." (Petitioner's Opposition Motion to Dismiss at 2).[4]

   Respondent argues that Petitioner is not entitled to equitable tolling of the statute of limitations.

   The U.S. Supreme Court has held that equitable tolling is available under 28 U.S.C. § 2244(d). <u>see</u> <u>Holland v. Florida</u>, 130 S.Ct. 2549, 2554, 2562 (2010). In <u>Holland</u>, the Court recognized equitable tolling of the AEDPA one-year limitations period when the prisoner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." <u>Id.</u> at 2562 (quoting <u>Pace</u>, 544 U.S. at 418). The Ninth Circuit also has held that AEDPA's one-year statute of limitations is subject to equitable tolling. <u>Calderon v. United States Dist. Court (Beeler)</u>, 128 F.3d 1283, 1288 (9th Cir. 1997), <u>overruled on other grounds by</u> <u>Calderon v. United States Dist. Court (Kelly)</u>, 163 F.3d 530, 540 (9th Cir. 1998). However, the Ninth Circuit in <u>Beeler</u>

---

[4] The record reflects that Petitioner actually filed two Petitions for Writ of Habeas Corpus in the California Court of Appeal.

1  noted that "equitable tolling will not be available in most cases,
2  as extensions of time will only be granted if 'extraordinary
3  circumstances' beyond a prisoner's control make it impossible to
4  file a petition on time." Id. [quoting Alvarez-Machain v. United
5  States, 107 F.3d 696, 701 (9th Cir. 1996)]. The Beeler court wrote
6  that district judges must "take seriously Congress's desire to
7  accelerate the federal habeas process" and "only authorize exten-
8  sions when this high hurdle is surmounted." Id. at 1289.

9      The burden is on Petitioner to show that the "extraordinary
10 circumstances" he has identified were the proximate cause of his
11 untimeliness, rather than merely a lack of diligence on his part.
12 Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003); Stillman v.
13 LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003). "[T]he threshold
14 necessary to trigger equitable tolling (under AEDPA) is very high,
15 lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d
16 1063, 1066 (9th Cir. 2002).

17     The obligation to act diligently "does not pertain solely to
18 the filing of the federal habeas petition, rather it is an obliga-
19 tion that exists during the period appellant is exhausting state
20 court remedies as well." Roy v. Lampert, 465 F.3d 964, 972 (9th Cir.
21 2006) citing Lacava v. Kyler, 398 F.3d 271, 277 (3rd Cir. 2005). When
22 courts assess a habeas petitioner's argument in favor of equitable
23 tolling, they must conduct a "highly fact-dependent" inquiry.
24 Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000), Lott v.
25 Mueller, 304 F.3d 918, 923 (9th Cir. 2002). The extraordinary
26 circumstances must be the "but-for and proximate cause" of the
27 untimely filing. Allen v. Lewis, 255 F.3d 798, 800 (9th Cir. 2001).
28

Petitioner's ignorance of the rules attendant upon seeking review in the California courts and exhausting his state court remedies, is not an extraordinary circumstance that warrants equitable tolling of the statute of limitations. Waldron-Ramsey v. Pacholke, 556 F.3d 1008, fn. 4 (9th Cir. 2009); Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

Petitioner also states that he lacked the "Preliminary Transcript, Trial (sic) Transcripts and discovery" and that he "filed twice in the lower courts for Transcripts" but he "he was denied both times." (Petitioner's Response (sic) To Possible Dismissal for Failure To Exhaust State Court Remedies, filed May 13, 2011).

Petitioner's ignorance in not knowing that he was not entitled to free transcripts is not an extraordinary circumstance that warrants equitable tolling of the statute of limitations. Waldron-Ramsey, 556 F.3d 1008, at fn. 4; Rasberry v. Garcia, 448 F.3d at 1154.

As a result of the foregoing, the Court finds that Petitioner has failed to establish that he is entitled to equitable tolling of the statute of limitations. Accordingly, the Court declines to equitably toll the statute of limitations and finds that his Petition for Writ of Habeas Corpus filed in this Court is untimely. Consequently, the Court RECOMMENDS that Respondent's Motion to Dismiss be GRANTED.

### III

### PETITIONER'S MOTION TO STAY AND ABEY

Petitioner seeks to stay and abey his Petition so that he can exhaust his claims in the California courts. Respondent opposes Petitioner's request because all of the claims in the Petition are unexhausted.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(b)(1)(A), provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." "For reasons of federalism, 28 U.S.C. § 2254 requires federal courts to give the states an initial opportunity to correct alleged violations of its prisoners' federal rights." Kellotat v. Cupp, 719 F.2d 1027, 1029 (9th Cir. 1983); see Duncan v. Henry, 513 U.S. 364 (1995).

The exhaustion requirement is satisfied when the substance of a petitioner's federal claim has been fairly presented to the state's highest court. Castille v. Peoples, 489 U.S. 346, 351 (1989); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996); Bland v. California Dep't of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994), cert. denied, 513 U.S. 947 (1994), overruled on other grounds in Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000). A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. Bland, 20 F.3d at 1473; see Johnson, 88 F.3d at 830.

1          In <u>Rhines v. Weber</u>, 544 U.S. 269, 125 S.Ct. 1528, 1533 (2005), the U.S. Supreme Court noted that AEDPA changed many aspects of federal habeas corpus proceedings, including the application of the one-year statute of limitations for bringing a habeas corpus petition in federal court, which is set forth in 28 U.S.C. §2244(d). In <u>Rhines</u>, the Supreme Court recognized petitioners can effectively be denied the opportunity for collateral review in federal court "(a)s a result of the interplay between AEDPA's 1-year statute of limitations and [<u>Rose v.] Lundy's</u> dismissal requirement." <u>Rhines</u>, 125 S.Ct. at 1533-1534. Therefore, the <u>Rhines</u> court held that federal courts have discretion to stay *mixed* petitions and to hold habeas proceedings in abeyance while the petitioner returns to state court to exhaust all claims. <u>Id.</u> at 1534-1535.

          The <u>Rhines</u> court identified "mixed petitions" as those petitions that contain "some claims that have been exhausted in the state courts and some that have not (been exhausted in the state courts.)" <u>Id.</u> at 1531, 1533.

          The <u>Rhines</u> court also held that stay and abeyance "should be available only in limited circumstances." <u>Id.</u> at 1535. If employed too often, the procedure could undermine the purposes of AEDPA, namely, to reduce delay and streamline federal habeas corpus proceedings. <u>Id.</u> at 1535. In this regard, the Supreme Court stated "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a *mixed* petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the

petitioner engaged in intentionally dilatory litigation tactics." Id. (emphasis added).

A petition that has only unexhausted claims must be dismissed without prejudice. A petitioner's motion to stay and abey a petition that contains only unexhausted claims must be denied. Cervantes v. Jacquez, 2011 WL 38978 at *1 (E.D. Cal. 2011), citing 28 U.S.C. §2254(b)(1), and Rhines.

Here, as previously noted, all of the claims in the Petition are unexhausted. Since the stay and abeyance procedure is only authorized for petitions that contain exhausted *and* unexhausted claims, stay and abeyance of the Petition is not available. Moreover, even if the stay and abeyance procedure was available, Petitioner has failed to show good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and that he did not engage in intentionally dilatory litigation tactics. Therefore, even if the Petition was not barred by the statute of limitations, the Court RECOMMENDS that Petitioner's Motion to Stay and Abey be DENIED.

IV

CONCLUSION AND RECOMMENDATION

After a thorough review of the record in this matter, the Court has determined that Petitioner has failed to comply with the AEDPA's statute of limitations and that he is not entitled to equitable tolling of the statute of limitations. 28 U.S.C.A. § 2244(d).

1 |     Accordingly, the Court RECOMMENDS that Respondent's Motion
2 | to Dismiss is GRANTED. Further, the Court RECOMMENDS that Petitioner's Motion To Stay and Abey be DENIED.

    This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provision of 28 U.S.C. § 636(b)(1).

    **IT IS ORDERED** that no later than <u>August 31, 2011</u>, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

    **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than <u>September 14, 2011</u>. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:   August 3, 2011

                                                        _____
                                                  Hon. William V. Gallo
                                                  U.S. Magistrate Judge