UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAVIN McCOY,<br><br>                    Petitioner,<br><br>vs.<br><br><br><br><br><br><br><br>ANTHONY HEDGPETH,<br><br>                    Respondent. | CASE NO. 11cv653-MMA (WVG)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE;**<br><br>[Doc. No. 29]<br><br>**OVERRULING OBJECTIONS TO REPORT AND RECOMMENDATION;**<br><br>[Doc. No. 32]<br><br>**DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE;**<br><br>[Doc. No. 1]<br><br>**DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY** |

Petitioner Kavin McCoy filed a petition for writ of habeas corpus pursuant to Title 28 of the United States Code, section 2254 [Doc. No. 1], challenging his state court convictions for robbery, residential burglary, and assault with a semi-automatic firearm, in violation of California Penal Code sections 211, 2131, 459, 460, 667.5(c)(21), 12022.5(a), and 136.1(b)(1).  Respondent filed a motion to dismiss the petition [Doc. No. 18], to which Petitioner responded [Doc. No. 28].  Petitioner also

filed a motion requesting a stay and abeyance of his petition, acknowledging that he has alleged unexhausted claims [Doc. No. 17]. Respondent opposes the motion to stay [Doc. No. 18]. The matter is currently before the Court for review of the Report and Recommendation prepared by the assigned magistrate judge recommending that the motion to dismiss be granted, the motion to stay be denied, and the petition be dismissed [Doc. No. 29].

Pursuant to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the Court must "make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). Petitioner filed objections to the Report and Recommendation [Doc. No. 32]. The magistrate judge recommends dismissal on two grounds: (1) untimeliness, and (2) failure to exhaust. Petitioner objects to the magistrate judge's conclusion that he is not entitled to equitable tolling of the one year statute of limitations for filing a federal habeas petition. According to Petitioner, he diligently pursued collateral relief in state court, and the Court should excuse any failure to properly file his state habeas petitions. The Court has conducted a *de novo* review of the pertinent matters of record and finds the objections to be without merit.[1]

As the magistrate judge explains in detail in the Report and Recommendation, a petitioner must file an "application for State post-conviction or other collateral review" in order to toll the one year statute of limitations. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case pending during that interval. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999); *see also Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010). Thus, in Petitioner's case, the statute of limitations began to run on September 8, 2009, the date his time to

---

[1] As discussed herein, the Court finds that the magistrate judge thoroughly reports the proceedings relevant to this matter, and provides a well-reasoned analysis of the issues. Accordingly, the Court adopts the Report and Recommendation in its entirety. The Court notes, however, an incorrect date of "October 7, 2010" appears on page 3 of the Report and Recommendation at lines 5-6. Petitioner's third state habeas petition was denied by the state appellate court on October 27, 2010. [Lodgment No. 12.] This date is accurately accounted throughout the remainder of the Report and Recommendation, and the October 27 date is used by the magistrate judge to conclude correctly that the petition is untimely.

seek review in the United States Supreme Court expired, and continued through December 30, 2009, when he constructively filed his first collateral challenge in state court, a total of 113 days. The statute of limitations was tolled through March 24, 2010 when the state superior court denied his habeas petition. Eleven days later, on April 4, 2010, Petitioner constructively filed a second habeas petition, his first with the state appellate court, based on the same ground for relief. Thus, the limitations period remained tolled through April 27, 2010 when the state appellate court denied the petition. *See Carey v. Saffold*, 536 U.S. 214, 222-23 (2002) (holding that when the time period between filings is reasonable, the statute of limitations is tolled for the time period between filings).

Petitioner filed a third petition in state court, his second with the state appellate court, on September 15, 2010. Because 141 days elapsed between the denial of the second petition and the filing of the third – a presumptively "unreasonable" amount of time – the statute of limitations was not tolled during that interval. *See, e.g., Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir. 2011) (unexplained gaps of 80 and 91 days not reasonable); *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (per curiam) (unexplained filing delays of 101 and 115 days not reasonable). Furthermore, the statute of limitations was not tolled during the pendency of the third petition (the period of time between the filing of the third petition and the denial of that petition on October 27, 2010) (42 days) because the third petition initiated a new round of collateral review, as explicitly recognized by the appellate court.

In denying Petitioner's third state petition, the state appellate court cited *In Re Clark* for the proposition that "absent a change in the applicable law or the facts, the court will not consider repeated applications for habeas corpus presenting claims previously rejected . . . [as well as] newly presented grounds for relief which were known to the petitioner at the time of a prior collateral attack on the judgment." *In Re Clark*, 5 Cal. 4th 750, 767-68, 21 Cal. Rptr. 2d 509, 520 (1993). Petitioner included two new grounds for relief in his September 15 petition. Thus, even if the 141 day interval between filings was found to be reasonable, the statute of limitations was not tolled because the September 15 petition was a successive petition, initiating a new round of habeas review. *Banjo v. Ayers*, 614 F.3d 964, 968 (9th Cir. 2010) (holding that periods between different rounds of collateral attack are not tolled).

The statute of limitations began running again on April 27, 2010, and ran continuously until Petitioner filed his federal petition on March 27, 2011. Thus, a total of 447 days elapsed between the time Petitioner's conviction became final and the filing of his federal habeas petition. The petition is barred as untimely unless Petitioner demonstrates entitlement to equitable tolling.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (a habeas petitioner bears the burden of proving that equitable tolling should apply to avoid dismissal of an untimely petition). "Equitable tolling is unavailable in most cases," and is only appropriate "if extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time." *Miranda*, 292 F.3d at 1066 (internal quotations/citations omitted [emphasis in original]). A petitioner must reach a "very high" threshold "to trigger equitable tolling [under AEDPA] . . . lest the exceptions swallow the rule." *Id.*

According to Petitioner, after the state appellate court denied his second petition in April 2010, he attempted to file a third state petition in June 2010 with the state supreme court. However, he mistakenly mailed that petition to the superior court in El Cajon, California, instead of the state supreme court. *See* Ex. A to Objections. The superior court denied the petition on August 16, 2010, noting that it appeared to have been directed to the wrong court. Petitioner argues that because this mistake was inadvertent, the interval between the denial of his second petition by the state appellate court in April 2010 and the filing of his third petition with the superior court in June 2010 should be equitably tolled. Because he promptly filed another petition one month later with the state appellate court, Petitioner argues that the entire period of time between April 27, 2010 and October 27, 2010 (183 days) should be tolled. If so, the one year statute of limitations would not have expired prior to filing, and his federal petition would be considered timely.

As the Court notes above, equitable tolling "requires both the presence of an extraordinary circumstance and the inmate's exercise of diligence." *Mendoza v. Carey*, 449 F.3d 1065, 1071 n.6 (9th Cir. 2006). While Petitioner appears to have pursued relief from his convictions with ample perseverance, he fails to satisfy the "extraordinary circumstances" requirement. A petitioner must

"show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances made it impossible to file a petition on time." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotations and citations omitted).  The Ninth Circuit has held that a petitioner's *pro se* status and claims of ignorance of the law are insufficient to justify equitable tolling. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"). Hence, neither Petitioner's filing mistakes nor his *pro se* status qualify as extraordinary circumstances in support of equitable tolling.

Finally, the magistrate judge recommends Petitioner's motion for a stay and abeyance be denied because all of his claims are unexhausted, and the Court therefore lacks the authority to stay the petition. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (declining to extend the authority to stay a petition under *Rhines v. Weber* to petitions containing no exhausted claims). After reviewing the pertinent portions of the record, the Court agrees and declines to stay the petition.

Based on the foregoing, the Court concludes that the magistrate judge issued an accurate report and well-reasoned recommendation that the instant petition be dismissed.  The Court **ADOPTS** the Report and Recommendation in its entirety and **DISMISSES** the petition for writ of habeas corpus with prejudice.

### CERTIFICATE OF APPEALABILITY

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the petitioner.  Rule 11(a) of the Rules Governing Section 2254 Cases.  Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A)*; Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement

to proceed further. *Miller-El*, 537 U.S. at 336, quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A certificate should issue if the petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Reasonable jurists would agree that the petition is untimely. Nor has Petitioner made a substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED**.

DATED: January 6, 2012

Hon. Michael M. Anello
United States District Judge